UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 1/10/97**

DOUGLAS RAY DURR,

    Petitioner-Appellant,

        v.

J.W. BOOKER, Warden, FPC Florence, Colorado; UNITED STATES OF AMERICA,

    Respondents-Appellees.

No. 96-1384
(D.C. No. 96-Z-553)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Petitioner Douglas Ray Durr, a pro se inmate, appeals the district court's denial of his petition for a writ of habeas corpus. Petitioner entered a plea of guilty to conspiracy to manufacture, distribute, or dispense methamphetamine, in violation of 21 U.S.C. §§

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

846 and 841(a)(1), and was sentenced to a term of imprisonment of 108 months. He filed his petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming the court lacked jurisdiction over him and asking that his conviction be vacated. A magistrate judge recommended that the habeas petition be dismissed because petitioner was attacking his underlying sentence and conviction and such attacks must be brought under 28 U.S.C. § 2255 in the sentencing court. The district court agreed and dismissed the action.

A 28 U.S.C. § 2241 petition attacks execution of a sentence; a 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district where the sentence was imposed. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The district court was under the erroneous belief that petitioner was not sentenced in the District of Colorado. However, we review the district court's denial of habeas relief de novo, id., and resolve legal questions presented on rationale different than that relied upon by the district court, United States v. Sandoval, 29 F.3d 537, 542 n. 6 (10th Cir. 1994).

Petitioner contends the federal district court did not have jurisdiction in his criminal conviction for a drug conspiracy, arguing the criminal activity was a local issue not contemplated by the commerce clause and citing United States v. Lopez, 115 S. Ct. 1624 (1995).[1] In Lopez, the Court struck down the Gun-Free School Zone Act of 1990,

_____

[1] Although the procedural bar rule of United States v. Frady, 456 U.S. 152, 167-68 (1982), applies to § 2255 proceedings, see United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994) ("A defendant who fails to present issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed."), petitioner's challenge is not barred "because jurisdictional issues are never waived and can be raised on collateral attack." United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993).

which made it a crime to knowingly possess a gun in a school zone based on the absence of commerce power to enact it.  In United States v. Wacker, 72 F.3d 1453, 1475 (10th Cir. 1995), cert. denied 117 S. Ct. 136 (1996), we rejected an argument that the Comprehensive Drug Abuse Prevention and Control Act of 1970 under which petitioner was convicted is similarly infirm, finding "the conduct regulated by the Drug Act clearly implicates interstate commerce."  See also, e.g., United States v. King, 485 F.2d 353, 356 (10th Cir. 1973).  The fact that petitioner's individual acts might not have affected interstate commerce to a substantial degree is of no moment.  See Lopez, 115 S. Ct. at 1629-30 (effect on interstate commerce measured from aggregate of regulated activity).

Petitioner's criminal activity occurred in Colorado and he entered a plea of guilty to a federal statute.  The United States District Court for the District of Colorado had jurisdiction over petitioner.

Petitioner's § 2241 petition is construed as a § 2255 motion and is DENIED. Petitioner's request for "Mandatory and Prohibitory Injunction at Common Law" filed on November 20, 1996, is DENIED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge