F I L E D
United States Court of Appeals
Tenth Circuit

JAN 20 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DOUGLAS RAY DURR,

Defendant - Appellant.

No. 97-1301

D. Colorado

(D.C. No. 97-Z-665)

---

ORDER AND JUDGMENT[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

In March 1997, Douglas Ray Durr filed in the district court a 28 U.S.C. § 2255 motion to vacate, set aside, or correct an illegal sentence, claiming that his

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

attorney was ineffective for allowing him to be sentenced for conspiring to manufacture, distribute, or dispense d-methamphetamine rather than l-methamphetamine. The district court considered the motion on the merits and denied relief in July 1997.

The threshold problem here is that this is Mr. Durr's second motion for relief under § 2255. Durr pled guilty in 1994 to conspiracy to manufacture, distribute, or dispense methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and to aiding and abetting in violation of 18 U.S.C. § 2. Although he filed no direct appeal, he subsequently filed a motion pursuant to 28 U.S.C. § 2241, claiming that the federal district court did not have jurisdiction in his criminal conviction for a drug conspiracy and arguing that the criminal activity was a local issue not contemplated by the commerce clause. See Durr v. Booker, No. 96-1384, 1997 WL 8855, at **1 (10th Cir. Jan. 10, 1997). The district court dismissed the action on the ground that Mr. Durr was attacking his underlying sentence and conviction, and such attacks must be brought under 28 U.S.C. § 2255. Durr then appealed to this court, and in January 1997, we construed the § 2241 motion as a motion pursuant to § 2255, then considered and denied it on the merits. See Durr, 1997 WL 8855, at **2 ("Petitioner's § 2241 petition is construed as a § 2255 motion and is DENIED."). Two months later, Durr filed the instant motion.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),[1] a second or successive motion for relief under § 2255 is not permitted to be filed in the district court until "the applicant [moves] in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see 28 U.S.C. § 2255. In the present case, Mr. Durr did not request permission from this court to file his second § 2255 motion in the district court but proceeded instead to file his motion directly with the district court. Consequently, the district court lacked jurisdiction to entertain the motion, and we must vacate its order denying Mr. Durr's § 2255 motion.

Although we could remand this action to the district court to enter an order transferring the action back to this court for proper authorization,[2] that would be a waste of judicial resources. Because this appeal from the district court's dismissal of Mr. Durr's motion is more properly considered to be an application for leave to file a second or successive § 2255 motion, we will construe it as such

---

[1]The AEDPA applies in this case because Durr filed this § 2255 motion in the district court after the effective date of the Act, April 24, 1996. See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997).

[2]When the § 2255 petition was filed in district court without the required appellate court authorization, the district court should have transferred the petition to this court pursuant to 28 U.S.C. § 1631. Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997).

and proceed to determine whether the application should be granted.  See Pease v.

Klinger, 115 F.3d 763, 764 (10th Cir. 1997).

The court of appeals may authorize the filing of a second or successive

§ 2255 motion only if a three-judge panel certifies that the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court , that was previously unavailable.

28 U.S.C. § 2255; see also 28 U.S.C. § 2244(b)(3).

After thoroughly reviewing Mr. Durr's current § 2255 motion, we conclude

that Mr. Durr has failed to make a prima facie showing satisfying these criteria;[3]

therefore, his application for leave to file a second or successive § 2255 motion is

DENIED.  The district court's order denying Mr. Durr's § 2255 motion is

VACATED, and we REMAND to the district court with instructions to DISMISS

Mr. Durr's March 1997 § 2255 motion.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[3]Furthermore, Mr. Durr offers no justification for having failed to raise in his prior motion the issues raised here.  See Rule 9(b), Rules Governing Section 2255 Proceedings.