963 F.2d 382
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Raymond CLARK, Petitioner-Appellant,
v.
Robert J. TANSY, Respondent-Appellee.
 No. 91-2191.
 United States Court of Appeals, Tenth Circuit.
 May 12, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Raymond Clark appeals from an order of the district court denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We affirm.
 
 
 3
 In 1988, in state court, Clark entered a plea of no contest to various charges including first degree murder of a peace officer. Under the terms of the plea agreement, the state agreed not to pursue the death penalty, sentence enhancements based on the use of firearms, or habitual offender proceedings. Clark was sentenced to life in prison on the murder conviction with sentences on the remaining charges imposed concurrently with the life sentence. On direct appeal, Clark argued that the plea agreement was improperly executed and accepted and that he had received ineffective assistance of counsel. Relief was denied.
 
 
 4
 Clark then filed this petition in federal district court alleging that his plea was involuntary because he was not told that the state did not have sufficient evidence to obtain a murder conviction. He also alleged he received ineffective assistance of counsel on the ground that counsel had not properly investigated his case. The magistrate judge found that Clark's allegations were conclusory and nonspecific and recommended dismissal of the complaint. The district court adopted the recommendation.
 
 
 5
 On appeal, Clark argues that the district court erred in not holding an evidentiary hearing. He argues that a hearing was required because the facts were in dispute and he did not receive a full and fair hearing in state court.
 
 
 6
 An evidentiary hearing would have been required if the facts here were in dispute and if Clark had not received a full and fair hearing in state court, either at the time the plea was accepted or in a collateral proceeding. See Townsend v. Sain, 372 U.S. 293, 312 (1963). No evidentiary hearing was required, however, if Clark's allegations were "wholly incredible" in light of the record. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Moreover, "[s]olemn declarations in open court carry a strong presumption of verity." Id.
 
 
 7
 Our review of the record, including the tape recording of the plea hearing, shows that Clark entered his plea knowingly and voluntarily. He agreed that the evidence against him was sufficient to secure a conviction. Clark has not overcome the presumption that the statements he made in open court were truthful nor has he persuaded us that his allegations are credible. No evidentiary hearing was necessary.
 
 
 8
 Likewise, Clark has failed to present any credible evidence supporting his claim of ineffective counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 9
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED. Clark's motion for a certificate of probable cause is GRANTED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3