**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 5 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

J. B. PEASE,

      Petitioner - Appellant,

v.

KEN KLINGER; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents - Appellees.

No. 96-6341

---

Appeal from the United States District Court
for the Western District of Oklahoma
(D.C. No. 96-CV-1144-M)

---

Submitted on the briefs:[*]

J. B. Pease, pro se.

---

Before **PORFILIO**, **TACHA**, and **MURPHY**, Circuit Judges.

**PER CURIAM**.

---

[*] After examining the brief filed by J. B. Pease and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore submitted without oral argument.

J. B. Pease appeals from the district court's September 26, 1996 order adopting the magistrate judge's findings and recommendation and dismissing his third 28 U.S.C. § 2254 habeas petition. The magistrate judge recommended dismissal based on the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), finding that Mr. Pease failed to obtain prior authorization from this court before filing his third petition in the district court. See 28 U.S.C. § 2244(b)(3)(A); Hatch v. State of Okl., 92 F.3d 1012, 1013 (10th Cir. 1996). Mr. Pease then filed a notice of appeal rather than an application under the AEDPA for leave to file a second or successive habeas petition in the district court.

The district court's September 26, 1996 order dismissing Mr. Pease's third habeas petition is affirmed. There is no dispute that the 28 U.S.C. § 2254 petition Mr. Pease filed in the district court on July 17, 1996 was a successive petition. Because he filed this petition after April 24, 1996, the effective date of the AEDPA, he was required to comply with the relevant provisions of that Act. The district court had no jurisdiction to decide Mr. Pease's successive § 2254 petition without authority from the court of appeals.[1]

---

[1] In 1989, Mr. Pease filed his first habeas petition that was dismissed by the district court. Pease v. Hargett, No. 89-1493 (W.D. Okla. Nov. 6, 1989), appeal dismissed, No. 89-6403 (10th Cir. May 30, 1990), cert. denied, 498 U.S. 843 (1990). In 1990, he filed his second petition that was dismissed by the district court. Pease v. Hargett, No. 90-1156 (W.D. Okla. Sept. 19, 1990), aff'd., No. 90-6308 (10th Cir. Feb. 8, 1991).

Further, we construe Mr. Pease's notice of appeal and appellate brief as an implied application for leave to file a successive 28 U.S.C. § 2254 petition in the United States District Court for the Western District of Oklahoma. See Nunez v. U.S., 96 F.3d 990, 991 (7th Cir. 1996)("treating an appeal . . . as a request for authorization will speed cases to decision").

In 1988, Mr. Pease was convicted by an Oklahoma state court jury of lewd molestation, first degree rape, and indecent exposure and was sentenced to a total of eighty years. He did not file a direct appeal. State post-conviction relief was denied.

In his application, Mr. Pease contends that a recent order issued in Pease v. Wampler, No. PC 96-262 (Okla. Crim. App. May 9, 1996)(order denying post-conviction relief), constitutes a "ground for relief" or "new ruling" that enables him to raise once again the claim that he was denied his right to a direct appeal and shows that the district court decision in Pease v. Hargett, No. 89-1493 (W.D. Okla. Nov. 6, 1989), was erroneous. See Pease's Brief at 2-3 and 9-10.

The court has thoroughly reviewed the implied application and concludes Mr. Pease has failed to make a prima facie showing that satisfies the AEDPA's criteria. 28 U.S.C. § 2244(b)(3)(C). His claim does not meet either of the standards set forth in 28 U.S.C. § 2244(b)(2) as amended. Mr. Pease does not rely on a new rule of constitutional law or on a factual predicate that was previously undiscoverable. The order issued in Pease v. Wampler, No. PC 96-262 (Okla. Crim. App. May 9, 1996),

is not an authorized ground upon which this court can grant permission to file a successive habeas petition in the district court.

Accordingly, we AFFIRM the district court's dismissal of J. B. Pease's third 28 U.S.C. § 2254 petition and DENY his application for leave to file a successive habeas petition in the district court.