F I L E D
United States Court of Appeals
Tenth Circuit

AUG 8 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSE ARIAS-SANTOS,

    Defendant-Appellant.

No. 96-1552
(D.C. No. 96-M-983)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

On December 3, 1996, Appellant Jose Arias-Santos filed a motion to

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 with the United States District Court for the District of Colorado. The district court determined that Mr. Santos' motion lacked merit and dismissed the motion on December 4, 1996.

Mr. Santos' December 3, 1996 § 2255 motion is his second motion for relief under § 2255. On April 24, 1996, Mr. Santos filed a prior § 2255 motion in the United States District Court for the District of Colorado. This motion was also denied by the district court, and Mr. Santos' appeal of the denial is currently pending with the Tenth Circuit Court of Appeals.

Under the recently enacted Antiterrorism and Effective Death Penalty Act of 1996, a second or successive motion for relief under § 2255 is not permitted to be filed in the district court until "the applicant [moves] in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §§ 2244(b)(3)(A) and 2255. The court of appeals may authorize the filing of a second motion only if a three judge panel certifies that the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255; *see also* 28 U.S.C. § 2244(b)(3).

In the present case, Mr. Santos did not move the Tenth Circuit for permission to file his second § 2255 motion in the district court. Instead, he proceeded to file his second motion with the United States District Court for the District of Colorado. Consequently, the district court lacked jurisdiction to entertain the motion. The district court should have transferred the motion to the Tenth Circuit for certification review pursuant to 28 U.S.C. § 1631. *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997). However, the court elected to review and deny the motion on its merits. Because the district court lacked jurisdiction to consider the motion, we must vacate its order denying Mr. Santos' motion for relief under § 2255.

Although we could remand this action to the district court for the district court to enter an order transferring the action back to this court for certification, we find that such action would be a waste of judicial resources. Hence, we will proceed to determine whether Mr. Santos should be permitted to file a second § 2255 motion in the district court. In essence, we will construe Mr. Santos'

notice of appeal and appellate brief as an implied application for leave to file a successive § 2255 motion in the United States District Court for the District of Colorado. *See Pease v. Klinger*, 115 F.3d 763 (10th Cir. 1997) (treating appellant's notice of appeal and appellate brief as implied application to file a successive petition pursuant to 28 U.S.C. § 2254); *Nunez v. United States*, 96 F.3d 990, 991-92 (7th Cir. 1996) (treating notice of appeal of successive § 2255 motion as a request for authorization).

In his appellate brief, Mr. Santos argues he is entitled to relief under § 2255 for the following reasons: (1) his indictment and conviction were obtained without federal jurisdiction, in violation of the Fifth, Sixth, Ninth, Tenth and Fourteenth Amendments; (2) he was subjected to prosecutorial misconduct, in violation of the Fifth, Sixth, and Fourteenth Amendment; and (3) he was subjected to an unconstitutional search and seizure, in violation of the Fourth Amendment. Unfortunately for Mr. Santos, neither his brief nor his notice of appeal alleges or sets forth any newly discovered evidence that would establish by clear and convincing evidence that he was not guilty of the offenses for which he was convicted. *See* 28 U.S.C. § 2255. Furthermore, Mr. Santos fails to support any of his claims with a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See*

*id.*  Consequently, we are precluded from allowing Mr. Santos to file his second §

2255 motion in district court.


      We hereby vacate the district court's December 4, 1996 order denying Mr.

Santos' § 2255 motion.  We also dismiss Mr. Santos' December 3, 1996 § 2255

motion and his appeal of the district court's denial of that motion.  Permission to

file a successive § 2255 motion is likewise denied.


                    **Entered for the Court**


                    **WADE BRORBY**
                    United States Circuit Judge