**F I L E D**

UNITED STATES COURT OF APPEALS

**JAN 9 1998**

TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

JORGE ALBERTO FIGUEREDO, aka
George Figueredo,

      Defendant - Appellant.

No. 97-1262
(D.C. No. 96-M-1670)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **BRORBY**, **EBEL**, and **KELLY**, Circuit Judges.[**]

    Mr. Figueredo, appearing pro se, seeks to appeal from the denial of a

second or successive motion under 28 U.S.C. § 2255 to vacate, correct or set

aside his sentence. He contends that Amendment 518 to the Sentencing

Guidelines, modifying application note 12 of the commentary to USSG § 2D1.1,

should be given retroactive effect, see United States v. Felix, 87 F.3d 1057, 1060

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

(9th Cir. 1996) (direct appeal after resentencing), and his sentence thereby reduced pursuant to 18 U.S.C. § 3582(c)(2). Amendment 518 is not listed in USSG § 1B1.10(c) as retroactive and it does not entitle Mr. Figueredo to resentencing in a successive collateral proceeding involving his May 1992 sentence. See United States v. Drath, 89 F.3d 216, 217 (5th Cir. 1996); see also United States v. Ynfante, 78 F.3d 677, 682 n.4 (D.C. Cir. 1996). We need not resolve the appeal on this ground because a second or successive § 2255 motion is not permitted to be filed in the district court absent authorization from the court of appeals. See 28 U.S.C. §§ 2244(b)(3)(A); 2255; Felker v. Turpin, 116 S. Ct. 2333, 2340 (1996). Although Mr. Figueredo filed two motions directly or indirectly seeking successive § 2255 relief, the district court lacked jurisdiction to entertain them, and we therefore vacate its orders filed on May 28, 1997 and June 25, 1997, resolving those motions. Rather than remand to the district court with instructions to transfer the motions to the court of appeals for proper authorization to file, see Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997), we construe Mr. Figueredo's appeal as an application for leave to file a second or successive § 2255 motion in the district court, and deny it, see Pease v. Klinger, 115 F.3d 763, 764 (10th Cir. 1997).

## Background

Mr. Figueredo was convicted of conspiracy to distribute five kilograms or more of cocaine, 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) and sentenced to 145 months imprisonment. That conviction was affirmed on direct appeal. See United States v. Figueredo, No. 92-1142, (10th Cir. Oct. 15, 1993) (unpub. order and judgment). He subsequently filed a § 2255 motion on July 12, 1996, based on the sole ground of ineffective assistance of counsel. The district court denied the motion. See D. Ct. Judgment filed Sept. 10, 1996. On April 28, 1997, Mr. Figueredo filed a motion to correct sentence, see Fed. R. Crim. P. 35, that the district court denied. See D. Ct. Order filed May 9, 1997. On May 21, 1997, Mr. Figueredo sought reconsideration of that order relying in part on § 2255. The district court viewed this as a second motion under § 2255 and denied relief. See D. Ct. Order filed May 28, 1997. Mr. Figueredo then sought relief under Fed. R. Civ. P. 60(b). See Motion filed June 23, 1997. The district court denied relief. See D. Ct. Order filed June 25, 1997. In response to Mr. Figueredo's notice of appeal and request for a certificate of appealability filed July 11, 1997, the district court denied the certificate. See D. Ct. Order filed July 15, 1997.

Discussion

Amendment 518 to the Sentencing Guidelines was effective November 1, 1995, and plainly could have been raised in Mr. Figueredo's first § 2255 motion filed in July 1996. See In re Sims, 111 F.3d 45, 47-48 (6th Cir. 1997) (movant not entitled to file a second § 2255 motion where change in Sentencing Guideline occurred prior to denial of first § 2255 petition). Mr. Figueredo has not demonstrated that his two motions before the district court rest upon

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255; see 28 U.S.C. § 2243(b)(3)(B) (required certification by three-judge panel of the court of appeals). The amendment of an application note to the Sentencing Guidelines simply does not implicate a new rule of constitutional law.

Mr. Figueredo's appeal (including his motion for a certificate of appealability) is construed as an application to file successive § 2255 motions and is DENIED. The district court's orders of May 28, 1997 and June 23, 1997 denying relief are VACATED, and we REMAND to the district court with instructions to DISMISS Mr. Figueredo's May 21, 1997 and June 23, 1997 § 2255 motions.

IT IS SO ORDERED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge