# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3369

_____

| | | |
|---|---|---|
| Louis Boykin, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota |
| | * | |
| United States of America, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted:  October 17, 2000

Filed:  October 30, 2000

_____

Before HANSEN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

This appeal requires us to examine the procedural requirements imposed upon federal prisoners who wish to file "second and successive" motions to vacate their sentences under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. Louis Boykin brought a second motion to vacate his sentence under 28 U.S.C. § 2255. The district court denied the motion, but granted Boykin a certificate of appealability. We vacate the district court's judgment for lack of jurisdiction and remand the case to be dismissed.

In 1992, Boykin was convicted on drug and firearm charges in the United States District Court for the District of Minnesota. We affirmed his conviction on appeal. See United States v. Boykin, 986 F.2d 270 (8th Cir. 1993). Three years later, on April 1, 1996, Boykin filed a motion to amend his sentence under 28 U.S.C. § 2255. Boykin asked the district court to vacate his sentence for using or carrying a firearm, 18 U.S.C. § 924(c), in light of Bailey v. United States, 516 U.S. 137 (1995). The court granted the motion, and resentenced Boykin. On May 18, 1999, Boykin filed a second § 2255 motion (the motion at issue in this appeal) in the district court raising ineffective assistance of counsel claims.

Under AEDPA, federal prisoners may not file "second or successive" § 2255 motions without an appropriate certification from the circuit court. See 28 U.S.C. §§ 2255, 2244(b). The rule is absolute. Prisoners may not evade the statutory requirement by simply filing a second or successive § 2255 motion in the district court.

In his second § 2255 motion, Boykin proceeded directly to the district court, bypassing the certification requirement. He explains away this shortcoming by arguing that his second § 2255 motion is not subject to AEDPA because his first § 2255 motion was filed before AEDPA's effective date of April 24, 1996. Following the Supreme Court's lead, cf. Felker v. Turpin, 518 U.S. 651, 664-65 (1996), we have rejected this argument, see Vancleave v. Norris, 150 F.3d 926, 927 (8th Cir. 1998).

Because Boykin failed to comply with the certification requirement, the district court lacked the power and authority to entertain Boykin's motion. See United States v. Figueredo, No. 97-1262, 1998 WL 30269, at **1-2 (10th Cir. Jan. 9, 1998); United States v. Lawrence, No. 97-3164, 1998 WL 203115, at *1 (D.C. Cir. Apr. 15, 1998). We therefore vacate the judgment and remand the case. On remand, the district court shall dismiss Boykin's motion for lack of jurisdiction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.