**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FEB 23 2001**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

RUDY PHIL JAQUEZ,

      Petitioner-Appellant,

v.

STATE OF OKLAHOMA,

      Respondent-Appellee.

No. 00-6272
(D.C. No. 99-CV-1982-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

Petitioner-Appellant Rudy Phil Jaquez ("Jaquez") entered a plea of nolo

contendere to a charge of First Degree Manslaughter brought by the state of

Oklahoma. A few days after entering his plea, on September 18, 1998, Jaquez

told the court his plea was the result of coercion by his two court-appointed

attorneys. He twice moved to withdraw the plea, and his motion was twice denied

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

after hearings before the state trial court.  (Aplt. Br. Ex. F.)  Jaquez alleges he told the court he intended to appeal its second order on this issue, but that no appeal was filed for three months because his attorneys ignored his instruction on the matter.  (Aplt. Br. Ex. F ("Motion in Support of Petitioners [sic] Objection to State's Response")).  The state court found the appeal was not timely and dismissed, and Jaquez filed a motion for state post-conviction relief centering on a variety of instances of alleged ineffective assistance of counsel.  (Application for Post-Conviction Relief, passim.)  An Oklahoma District Court denied his application in an order handed down on November 16, 1999.  (Order 11/19/99).  Jaquez filed notice of appeal on November 30, 1999, but the Oklahoma Court of Criminal Appeals ("OCCA") dismissed the appeal on grounds of waiver and timeliness.  (Motion in Request to be Granted Leave to File Supplemental Brief, filed 12/3/99)[1]

Jaquez then filed a federal petition for habeas corpus under 28 U.S.C. § 2254 alleging that (1) prosecutors withheld exculpatory evidence; (2) he was shown a falsified report from a medical examiner to coerce him into confessing;

---

[1]The record does not contain the OCCA's dismissal of the appeal of Jaquez's motion for post-conviction relief.  Thus, we must accept the conclusion that the OCCA dismissed his appeal from the denial of state post-conviction relief because it was untimely.  See Fed. R. App. P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion.")

(3) his attorneys coerced him into confessing by showing him a photograph of a cut on the defendant's leg made by the medical examiner and characterizing it as a defensive wound; (4) his attorneys failed to carry out his request to appeal the denial of his motion to withdraw his plea. (Magistrate's Report and Recommendation; 5) The district court, adopting findings presented in a magistrate judge's report and recommendation, dismissed his petition.[2] (Order 7/28/00.)

For substantially the reasons stated in the magistrate judge's report and recommendation and the district court's order, we hold that Jaquez has procedurally defaulted his claims by failing to timely appeal the denial of post-conviction relief, and we therefore DENY Jaquez a certificate of appealability and DISMISS his petition.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[2]Jaquez simultaneously moved to amend the district court's order under Fed. R. Civ. P. 59(e) and filed timely notice of appeal. Because of the pending Rule 59(e) motion, this court initially lacked jurisdiction to appeal. Jaquez's subsequent motion to withdraw his motion, however, cured this deficiency and we dispose of his case on the merits. Cf. Production Credit Ass'n v. Alamo Ranch Co., 989 F.2d 413, 416-17 (10th Cir. 1993) (premature filing of notice of appeal ripened upon entry of final judgment).