**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 27 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STANLEY BROWN-BEY,

      Petitioner - Appellant,

v.

MICKEY RAY; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents - Appellees.

No. 02-1228
D.C. No. 01-M-727
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Stanley Brown-Bey filed the instant 28 U.S.C. § 2254 habeas petition in federal district court challenging his Colorado state conviction. The district court recognized that the claim raised in Brown-Bey's petition had been raised in a previous § 2254 habeas petition and in a previous application to this court pursuant to 28 U.S.C. § 2244(b)(3) to file a second or successive petition. Because the claim had been previously raised, the district court denied the petition and dismissed the action. The matter is now before this court on Brown-Bey's application for a certificate of appealability ("COA").

Successive habeas petitions cannot be filed in district court until the petitioner "move[s] in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because Brown-Bey failed to obtain authorization from this court before filing his successive § 2254 habeas petition, the district court lacked jurisdiction to consider the motion. [1] Accordingly, we must vacate the district court's order denying the motion.

---

[1] When the motion was filed without the required appellate court authorization, it should have been transferred to this court. *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) ("[W]hen a second or successive petition for habeas corpus relief under § 2254 . . . is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to [28 U.S.C.] § 1631.").

This court would ordinarily construe Brown-Bey's application for a COA and appellate brief as an application requesting authorization to file a second or successive habeas petition. *See Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997). As noted by the district court, however, Brown-Bey has already applied for and been denied permission by this court to file a second or successive petition relating to Colorado's alleged violation of the Interstate Agreement on Detainers. Accordingly, Brown-Bey's filings are more akin to a petition for rehearing of this court's previous denial of permission to file a successive § 2254 petition. Such petitions for rehearing are prohibited by the Antiterrorism and Effective Death Penalty Act of 1996. *See* 28 U.S.C. 2244(b)(3)(E). In these circumstances, the appropriate course is to strike Brown-Bey's filings pursuant to § 2244(b)(3)(E). Accordingly, this court **VACATES** the order of the district court denying Brown-Bey's petition and **STRIKES** the materials filed before this court. Brown-Bey's request to proceed *in forma pauperis* is **DENIED** as moot. Brown-Bey is specifically reminded that this order is not "appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-3-