### Thurman HARRISON, Jr., Petitioner–Appellant,

v.

### Charles RAY; Attorney General of the State of Colorado, Respondents–Appellees.

#### No. 02–1501.

United States Court of Appeals, Tenth Circuit.

March 31, 2003.*

Thurman Harrison, Jr., Delta, CO, for Petitioner–Appellant.

Catherine P. Adkisson, Denver, CO, for Respondents–Appellees.

Before SEYMOUR, MURPHY, and O'BRIEN, Circuit Judges.

#### ORDER AND JUDGMENT**

MURPHY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

*Pro se* petitioner, Thurman Harrison, Jr., seeks a certificate of appealability ("COA") so he can appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner

---

* Withdrawn and published at 2003 WL 21279532.

** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

first obtains a COA). The instant § 2254 petition was filed with the United States District Court for the District of Colorado on October 3, 2000. In the petition, Harrison raised five issues: (1) he was charged with an offense that is not a crime, (2) his due process rights were violated when the state court failed to advise him that he would be sentenced to a three-year mandatory term of parole, (3) the Colorado mandatory parole statute is unconstitutional, (4) his rights to due process and equal protection were violated when the state trial court failed to provide him with free transcripts, and (5) his rights to due process and equal protection were violated when the state court sentenced him without making findings on the record as to why he was sentenced outside the presumptive sentencing range. The district court addressed each of Harrison's claims on the merits and denied the petition.

Our research has led to the conclusion that this is Harrison's second petition for relief pursuant to 28 U.S.C. § 2254. *See Harrison v. Suthers,* No. 99–1442, 208 F.3d 226 (10th Cir.2000). An applicant may not file a second or successive motion for relief pursuant to § 2254 in the district court until he "move[s] in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Harrison, however, filed the instant petition in the district court without first requesting permission from this court. Consequently, the district court lacked jurisdiction over Harrison's § 2254 petition and we, therefore, **vacate** the court's order denying the petition.[1] Because we conclude that the instant § 2254 petition is successive, we

construe Harrison's application for a COA and appellate brief as a request for authorization to file a second or successive habeas petition. *See Pease v. Klinger,* 115 F.3d 763, 764 (10th Cir.1997). Accordingly, there is no appeal pending.

Pursuant to 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Further, claims not presented in a prior § 2254 petition shall also be dismissed unless

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). It is clear that the claims raised in the instant § 2254 petition were either raised in Harrison's first § 2254 petition or do not meet the standard set forth in 28 U.S.C. § 2244(b)(2). Accordingly, we conclude that Harrison has not made the *prima facie* showing under the Antiterrorism and Effective Death Penalty Act for filing a second habeas petition. *See* 28 U.S.C. § 2244(b)(3)(C).

---

1. When the § 2254 petition was filed without the required appellate court authorization, it should have been transferred to this court. *See Coleman v. United States,* 106 F.3d 339, 341 (10th Cir.1997) ("[W]hen a second or successive petition for habeas corpus relief under § 2254 ... is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to [28 U.S.C.] § 1631").

We **deny** Harrison's implied application for leave to file a second § 2254 petition in the district court. Harrison's request to proceed *in forma pauperis* is **denied** as moot.