**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FLOYD STRICKLAND,

      Petitioner - Appellant,

v.

SCOTT ABBOTT, Warden, Wyoming
State Penitentiary,

      Respondent - Appellee.

No. 05-8062
(D.C. No. 04-CV-330-J)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

Floyd Strickland was convicted in Wyoming state court of two counts of

arson. The district court denied both Mr. Strickland's 28 U.S.C. § 2254 petition

for a writ of habeas corpus and his request for a certificate of appealability

("COA") to appeal the denial of his § 2254 petition. He now seeks a COA from

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

this court.  For substantially the same reasons set forth by the district court, we DENY a COA and DISMISS this appeal.

In June 2001, Mr. Strickland was convicted of both first- and second-degree arson in relation to a fire that damaged the basement of his home.  See Wyo. Stat. Ann. §§ 6-3-101, -102 (2005).  He was sentenced to serve concurrent terms of between 120 and 216 months on the count of first-degree arson and between 60 and 108 months on the count of second-degree arson.  On direct appeal, Mr. Strickland asserted thirteen points of error, but the Wyoming Supreme Court affirmed his conviction and sentence.  Strickland v. State, 94 P.3d 1034 (Wyo. 2004).[1]

Mr. Strickland then filed a *pro se* 28 U.S.C. § 2254 petition in federal district court, asserting that the Wyoming Supreme Court's decision is contrary to, or involved the unreasonable application of, United States Supreme Court case law.[2]  Mr. Strickland asserted causes for relief based on: his Fifth Amendment

---

[1]Although the original sentence also recommended that Strickland not be allowed to return to Natrona County should he be released prior to full service of his sentence, the Wyoming Supreme Court found that portion of the sentence to be unlawful.  Strickland, 94 F.3d at 1050–51.

[2]The standard for federal habeas review is set out in § 2254:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application
(continued...)

right against double jeopardy, his Fourth Amendment rights, his Sixth Amendment right to effective counsel, and his Fifth and Sixth Amendment rights to due process and a fair trial.

Applying the standard given in § 2254, the district court denied relief on all four grounds. It first concluded that the Wyoming Supreme Court did not unreasonably deny Mr. Strickland's double jeopardy claim because, in Wyoming, first- and second-degree arson each "require[] proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). Second, the district court rejected Mr. Strickland's Fourth Amendment claims, both because he had the opportunity to fully and fairly litigate the issue in the Wyoming courts and because the Wyoming Supreme Court's conclusion that Mr. Strickland had consented to all the challenged searches was not unreasonable. Third, the district court rejected Mr. Strickland's claim that his attorney was ineffective in failing to call an expert witness and failing to request several jury instructions. Finally, the district court concluded that statements made by the prosecutor did not rise to the level of a violation of Mr. Strickland's right to a fair trial. Mr. Strickland sought

[2](...continued)
of, clearly established Federal law, as determined by the Supreme Court of the United States . . . .
28 U.S.C. § 2254(d).

- 3 -

to appeal the district court's decision, and the district court denied his request for a COA. He renews his request for a COA before this court.

Congress has mandated that a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We have held that a petitioner "can make such a showing by demonstrating that the issues he seeks to raise on appeal are deserving of further proceedings, subject to a different resolution on appeal, or reasonably debatable among jurists of reason." Montez v. McKinna, 208 F.3d 862, 869 (10th Cir. 2000). In this case, Mr. Strickland has not made such a showing. Therefore, for substantially the same reasons set forth in the district court's thorough opinion, we DENY Mr. Strickland's request for a COA and DISMISS this appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge