**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 21, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FLOYD STRICKLAND,

      Petitioner-Appellant,

v.

MICHAEL MURPHY, in his official
capacity as Warden, Wyoming
Department of Corrections State
Penitentiary, and
PATRICK CRANK, in his official
capacity as (former) Wyoming
Attorney General,

      Respondents-Appellees.

No. 08-8013
(D.C. No. 07-CV-314-WFD)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Floyd Strickland, a state prisoner in Wyoming, sought habeas relief in

federal district court under 28 U.S.C. § 2254. Because Mr. Strickland had

previously filed a Section 2254 petition that was considered and denied on its

merits, the district court dismissed the present petition as an unauthorized second

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

or successive habeas petition.  Construing Mr. Strickland's appellate filings before us as a request for leave to file a second or successive petition pursuant to 28 U.S.C. § 2244(b)(2)-(3), we deny the request because Mr. Strickland fails to meet the standards Congress requires for the initiation of such proceedings.

\* \* \*

In 2001, a Wyoming jury convicted Mr. Strickland of first and second degree arson for setting his home afire with the intention of collecting the insurance proceeds.  The trial court sentenced him to concurrent prison terms of 120-216 months on the first degree count and 60-108 months on the second degree count.  Mr. Strickland appealed, and the Wyoming Supreme Court substantially affirmed his conviction and sentence.  *See Strickland v. State*, 94 P.3d 1034 (Wyo. 2004).[1]

Mr. Strickland then timely filed a Section 2254 petition in federal district court, asserting violations of his (1) Fifth Amendment right against double jeopardy; (2) Fourth Amendment rights against unreasonable searches and seizures; (3) Fifth and Fourteenth Amendment rights to due process and a fair trial in relation to alleged prosecutorial misconduct; and (4) Sixth Amendment

---

[1] Though otherwise affirming Mr. Strickland's sentence, the Wyoming Supreme Court held unlawful a provision of that sentence that restricted Mr. Strickland from residing in Natrona County following his prison term.  *See Strickland*, 94 P.3d at 1050-51.  The trial court subsequently entered an amended sentence that did not include this provision.

right to effective assistance of counsel.[2]   The district court considered these claims on their merits, discerned no constitutional violation, and denied Mr. Strickland's petition.  Mr. Strickland sought COA from this court, which we denied while expressing our agreement with the district court's reasoning.  *See Strickland v. Abbott*, 175 F. App'x 973 (10th Cir. 2006).  Mr. Strickland also unsuccessfully pursued petitions for post-conviction relief in the Wyoming state trial court and the Wyoming Supreme Court.

In late 2007, Mr. Strickland filed another Section 2254 petition in federal district court, in which he raised all of the same issues already addressed by his previous Section 2254 petition, as well as a number of new issues, including ones relating to (1) his First Amendment right of access to the courts; (2) allegations of conspiracy and RICO violations by the trial court judge and prosecution; and (3) asserted violations of due process by the trial court and prosecution.  The district court dismissed the petition, explaining that Mr. Strickland failed to seek and receive authorization from this court to file a second or successive Section 2254 petition and that such a failure precluded the district court from considering any of the claims in the petition.  *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or

---

[2]  Mr. Strickland had previously filed a Section 2254 petition while his state appeal was still pending, raising issues relating to the denial of a continuance of his bail bond.  The district court summarily dismissed the petition, finding that such issues are not cognizable in Section 2254 proceedings. Accordingly, that first attempt at pursuing Section 2254 relief did not work to preclude Mr. Strickland's second Section 2254 petition as a successive petition under 28 U.S.C. § 2244(b).

successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

* * *

Mr. Strickland now purports to appeal the district court's disposition. Viewing this *pro se* pleading charitably, as we must, we construe his appellate filing as the application to this court required by Congress for leave to file a second or successive Section 2254 petition. *See Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997). To obtain authorization to file a successive Section 2254 petition, an applicant must make a prima facie showing that

> (A) . . . the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review . . . ; or
>
> (B)　(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>　　　(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Mr. Strickland specifically points us to the last subsection – (b)(2)(B)(ii) – and contends that his claims, if proven, would establish by clear and convincing evidence that, but for the constitutional errors allegedly underlying his conviction, no reasonable jury would have convicted him of arson. Mr.

- 4 -

Strickland, however, misunderstands what is required of him in order to make new claims in a second or successive habeas petition. A showing under subsection (b)(2)(B)(ii) means nothing unless it is accompanied by satisfaction of subsection (b)(2)(B)(i), which requires Mr. Strickland to demonstrate that the factual predicates for his new claims could not have been discovered previously through the exercise of due diligence.

As it happens, and even construing them as liberally as we might, none of Mr. Strickland's claims are based on newly discovered facts, much less facts that could not have been discovered previously with due diligence. Instead, Mr. Strickland has simply forged various new legal arguments to deliver the same essential message that has been the basis of his previous appeals and petitions – namely, that he is innocent, that he received ineffective assistance of counsel, and that the trial court in various ways deprived Mr. Strickland of due process. These claims have been thoroughly vetted in prior proceedings, and Mr. Strickland has failed to come forward with any new facts or new rules of constitutional law that would allow us to authorize him to petition for habeas relief once again.

\* \* \*

Because Mr. Strickland has failed to make a prima facie showing that his Section 2254 petition should not be dismissed pursuant to 28 U.S.C. § 2244(b),

- 5 -

we deny Mr. Strickland's request for leave to file a second or successive habeas petition.[3]

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

---

[3] Because of our disposition of the threshold inquiry under Section 2244, we deny as moot Mr. Strickland's motion to incorporate in the present proceedings his previous Section 2254 petition and the appeal from the dismissal of that petition. The filings from those proceedings, however, are part of the record on appeal for this petition and have been reviewed as part of our consideration.