FILED
United States Court of Appeals
Tenth Circuit

May 19, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

GENE ALLEN,

      Petitioner-Appellant,

v.

THE PEOPLE OF THE STATE OF
COLORADO; ADAMS COUNTY
COURT, Brighton, Colorado; THE
SUPREME COURT OF THE STATE
OF COLORADO; L.C.C. IN THE
STATE OF N.D.O.C.; WARDEN
JACK PALMER; and JOHN
SUTHERS, The Attorney General of
the State of Colorado,

      Respondents-Appellees.

No. 10-1127
(D.C. No. 10-cv-00418-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY, GORSUCH,** and **HOLMES,** Circuit Judges.

---

Gene Allen appeals from the district court's dismissal of his 28 U.S.C.

§ 2254 habeas petition.  Observing that Mr. Allen previously filed at least three

---

    [*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

prior § 2254 petitions related to the same Colorado criminal conviction, all of which were denied, *see e.g.*, *In re: Allen*, No. 08-1021 (10th Cir. Feb. 29, 2008), the district court concluded that the current petition was a successive one that required prior authorization from the court of appeals before filing in the district court. *See* 28 U.S.C. § 2244(b)(3)(A). Because Mr. Allen failed to obtain such authorization, the district court dismissed the petition for lack of jurisdiction, concluding that the interests of justice did not warrant its transfer to this court. *See, e.g.*, *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (noting that an unauthorized second or successive petition in the district court may either be dismissed for lack of jurisdiction or transferred to the court of appeals if the interests of justice so require and outlining the factors for determining whether a petition should be transferred).

The district court's dismissal "is affirmed. There is no dispute that the 28 U.S.C. § 2254 petition [Mr. Allen] filed in the district court . . . was a successive petition. Because he filed this petition after April 24, 1996, the effective date of the [Antiterrorism and Effective Death Penalty Act of 1996], he was required to comply with the relevant provisions of that Act. The district court had no jurisdiction to decide [Mr. Allen's] successive § 2254 petition without authority

from the court of appeals." *Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997).[**]

We caution Mr. Allen that further attempts to pursue collateral relief without complying with the mandates of § 2244 and § 2254 may be met with sanctions, including filing restrictions. *See United States v. Harper*, 545 F.3d 1230, 1234 (10th Cir. 2008); *In re Cline*, 531 F.3d at 1253.

The judgment of the district court is affirmed. Appellant's motion to proceed in forma pauperis is denied.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

---

[**] Even were we to exercise our discretion to reformulate this appeal as a request for leave to file a successive § 2254 motion, something we may but need not do, *see Spitznas v. Boone*, 464 F.3d 1213, 1219 n.8 (10th Cir. 2006), we would deny it for failure to meet the standards set forth for such motions by § 2244(b)(2).