FILED
United States Court of Appeals
Tenth Circuit

July 9, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WOODIE MACK ASHFIELD,

        Petitioner - Appellant,

v.

JEFFERY E. THOMAS; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

        Respondents - Appellees.

No. 12-1121
(D.C. No. 1:12-CV-00140-LTB)
D. Colorado

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

*Pro se* petitioner, Woodie Mack Ashfield, seeks a certificate of appealability ("COA") so he can appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). Ashfield's motion to proceed *in forma pauperis* on appeal is **granted**.

The district court determined Ashfield filed a § 2254 petition in 2003, challenging the same Colorado conviction for second degree murder that he challenges in the instant matter. The 2003 petition was dismissed as untimely and

this court denied a COA. *Ashfield v. Pugh*, No. 03-1427 (10th Cir. Jan. 21, 2004). The district court concluded it lacked jurisdiction over the instant § 2254 petition because it is second or successive. The court further concluded it was not in the interest of justice to transfer the matter to this court and, accordingly, exercised its discretion to dismiss the action. *See In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) ("When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so . . . or it may dismiss the motion or petition for lack of jurisdiction.").

Ashfield cannot appeal the district court's disposition of his § 2254 petition unless he first obtains a COA. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). He is not entitled to a COA unless he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court dismissed his petition on procedural grounds, we will grant a COA only if that procedural ruling is reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

No jurist of reason could debate whether the district court erred in concluding that Ashfield's § 2254 petition is successive or abused its discretion in concluding it was not in the interest of justice to transfer the petition to this court. Accordingly, we deny Ashfield a COA. In an abundance of caution, however, we construe Ashfield's application for a COA and appellate brief as a request for

authorization to file a second or successive habeas petition. *See Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997). Our review of that implied application leads us to conclude that Ashfield has failed to make the prima facie showing necessary for filing a second or successive § 2254 petition. Even if we assume Ashfield's claims were not presented in his prior habeas petition, those claims do not involve either newly discovered evidence or a previously unavailable, new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2).

Ashfield's request for a COA is **denied** and his appeal from the district court's disposition of his § 2254 petition is **dismissed**. His implied application for leave to file a second or successive § 2254 petition is also **denied**. Ashfield is reminded that this court's denial of authorization to file a successive habeas petition cannot be subject to a petition for rehearing or a petition for a writ of certiorari. *See* 28 U.S.C. § 2244(b)(3)(E).

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-3-