**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 8 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JOHNNY MALONE,

        Petitioner-Appellant,

v.

STATE OF OKLAHOMA,

        Respondent-Appellee.

Nos. 03-6175 & 03-6246
(D.C. No. 03-CV-96-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **BRISCOE** , Circuit Judge.

---

In appeal No. 03-6175, Johnny Malone, a state prisoner proceeding pro se, appeals from the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as time-barred by 28 U.S.C. § 2244(d). In appeal No. 03-6246, Mr. Malone asserts that the district court abused its discretion by denying his application for

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

a certificate of appealability (COA), and by denying him leave to proceed in forma pauperis (IFP). This court previously granted Mr. Malone a COA as to all issues raised. Today, we grant Mr. Malone's renewed application to proceed IFP on appeal. Appeal No. 03-6246 is therefore moot. *See United States v. Hahn*, 359 F.3d 1315, 1323 (10th Cir. 2004) (offering "several different locutions for determining when a case is moot").

Our jurisdiction arises under 28 U.S.C. § 1291. Because Mr. Malone is not entitled to equitable tolling, as set forth below, we affirm the district court's judgment dismissing Mr. Malone's habeas petition as untimely. Additionally, we deny Mr. Malone's request for appointment of counsel. *See Swazo v. Wyo. Dep't of Corrs. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994) ("[T]here is no constitutional right to counsel beyond the appeal of a criminal conviction, and . . . generally appointment of counsel in a § 2254 proceeding is left to the court's discretion . . . .").

## I.

On January 29, 1998, Mr. Malone was convicted of first degree murder in Oklahoma state court and sentenced to life imprisonment without parole. On March 30, 1999, the Oklahoma Court of Criminal Appeals affirmed Mr. Malone's conviction. Mr. Malone did not file a petition for writ of certiorari with the United States Supreme Court and, therefore, his conviction became final on

June 28, 1999, when his ninety-day period for filing a petition for writ of certiorari expired. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999); Sup. Ct. R. 13. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Mr. Malone had one year from the date his conviction became final, until June 28, 2000, to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A); *United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (holding that one-year limitation period in AEDPA should be calculated using anniversary date method even when intervening period includes leap year).

Mr. Malone filed his federal habeas petition in February 2003, more than two years after the AEDPA limitations period expired.[1] Mr. Malone's petition was referred to a magistrate judge who ordered Mr. Malone to show cause why his petition should not be dismissed as untimely. Mr. Malone responded, asserting that he is illiterate, that he was denied access to law clerks, and that he "desires . . . a chance to prove his innocence." R., Doc. 12 at 1-2. He also requested the appointment of counsel.

The magistrate judge recommended dismissing Mr. Malone's petition as untimely. In so doing, he observed that Mr. Malone did not seek post-conviction

---

[1] In his federal habeas petition, Mr. Malone asserted that he was convicted due to the use of evidence obtained pursuant to an unlawful arrest, that he was denied effective assistance of counsel, that hearsay evidence was improperly admitted at trial, and that his sentence is excessive.

relief or other collateral review in state court, and that he was therefore not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). The magistrate judge also found equitable tolling inapplicable to Mr. Malone's circumstances. After the magistrate judge entered his report and recommendation, Mr. Malone objected, asserting he "just recently learned that . . . he could challenge his conviction in other ways," that the law library was inadequate, that he should have been provided counsel, that he "was denied a fair trial," and that due to his illiteracy and the denial of access to law clerks, "it was beyond his control to effectively fil[e] anything to prove his innocence, or to timely file documents in Court to fight his conviction." R., Doc. 17 at 1-2.

The district court adopted and affirmed the magistrate judge's report and recommendation in its entirety, and dismissed Mr. Malone's action as untimely. This appeal followed.

## II.

"In an appeal of the dismissal of a federal habeas corpus petition, we review a district court's findings of fact for clear error and its conclusions of law *de novo*." *Burger v. Scott*, 317 F.3d 1133, 1137 (10th Cir. 2003). The district court's denial of a habeas petition based on § 2244(d), we review *de novo*. *Id.* at 1137-38. "[W]e review the district court's decision on equitable tolling of the limitation period[, however,] for an abuse of discretion." *Id.* at 1138.

-4-

Because Mr. Malone is pro se, we construe his pleadings liberally. *Cummings v. Evans,* 161 F.3d 610, 613 (10th Cir. 1998).

At issue is whether the district court erred in dismissing Mr. Malone's habeas petition as time-barred; specifically, whether the district court abused its discretion in finding equitable tolling inapplicable to Mr. Malone's habeas petition. [2] Equitable tolling is appropriate only "when an inmate diligently pursues his claims *and* demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (emphasis added).

> [W]e have limited equitable tolling of the one-year limitations period to "rare and exceptional" circumstances. Therefore, [e]quitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct–or other uncontrollable circumstances–prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Simple excusable neglect is not sufficient.

*Burger*, 317 F.3d at 1141 (citation omitted).

Mr. Malone claims that the AEDPA's one-year limitation period should be tolled due to his ignorance of the law, the absence of law-clerk-assistance, and his illiteracy. None of these reasons justifies tolling the one-year period. *See Marsh*,

---

[2] We decline to consider the various issues raised for the first time in Mr. Malone's reply brief; for example, whether he was competent to stand trial. Aplt. Reply Br. at 11-13. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) ("This court does not ordinarily review issues raised for the first time in a reply brief.").

223 F.3d at 1220 ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (quotation omitted)); *id.* (holding assistance petitioner received from an inmate law clerk did not relieve him of personal responsibility to file within the AEDPA's one-year period); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (holding illiteracy does not merit equitable tolling). Accordingly, we conclude that the district court did not abuse its discretion in finding equitable tolling inapplicable to Mr. Malone's claims of ignorance, lack of assistance, and illiteracy.

Mr. Malone also argues that the one-year period should be tolled because of the rare, exceptional, and extraordinary circumstances he has suffered. Despite Mr. Malone's use of the relevant legal buzz words, he fails to supply the factual background necessary to support his conclusory allegations. Indeed, he provides no specificity regarding the circumstances to which he was allegedly subject; instead, he alludes to several of the grounds we have already considered and rejected: his ignorance of the law and his illiteracy. Moreover, Mr. Malone apparently concedes a lack of diligence on his part, admitting that there was "a lapse of time . . . from Aug. 30, 2000, [when a fellow inmate was trying to assist Mr. Malone], until . . . [t]he filing of his 28 [U.S.C.] § 2254 [petition], on Feb. 13, 2003." Aplt. Br. No. 03-6175, at 28.

Finally, Mr. Malone claims he is actually innocent and that his innocence should toll the AEDPA's one-year period.

> In order to demonstrate actual innocence in a so-called collateral proceeding, a petitioner must present [to the district court] "new reliable evidence that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [petitioner] guilty beyond a reasonable doubt."

*Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 114 (2d Cir. 2000) (quoting *Schlup v. Delo*, 513 U.S. 298, 299, 327-28 (1995)). To support his innocence claim, Mr. Malone offers as "new reliable evidence" his own sworn affidavit dated September 3, 2003. Aplt. Br. No. 03-6175, at 15, 34 & Ex. G at 1-4. But because Mr. Malone's self-serving affidavit was not before the district court, we decline to consider it. *See Boone v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545, 1549 n.1 (10th Cir. 1992).

Having reviewed the briefs, the record, and the applicable law, we conclude that the district court correctly dismissed Mr. Malone's habeas petition as untimely. We therefore AFFIRM the district court's judgment entered on June 4, 2003, in appeal No. 03-6175, and we dismiss appeal No. 03-6246 as moot.

Entered for the Court

Wade Brorby
Senior Circuit Judge

-7-