FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

December 7, 2007

Elisabeth A. Shumaker
Clerk of Court

TORRIE PARKER,

        Petitioner-Appellant,

v.

WALTER DINWIDDIE, Warden,

        Respondent-Appellee.

No. 07-6180
(D.C. No. CIV-07-383-HE)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **McCONNELL**, and **GORSUCH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Torrie Parker appeals the district court's denial of his 28 U.S.C. §

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2254 petition, in which he challenged his 1990 Oklahoma state convictions of six counts of robbery with firearms and two counts of attempted robbery. He alleged that he was denied effective assistance of counsel because his attorney did not pursue the prosecution's failure to reveal how one of its witnesses became a suspect and implicated Mr. Parker.

Mr. Parker previously filed a § 2254 petition in 1998, in which he challenged the same convictions. The district court denied relief on the ground that the petition was filed beyond the one-year period set forth in 28 U.S.C. § 2244(d). In spite of Mr. Parker's arguments to the contrary, a dismissal on statute of limitations grounds is a disposition on the merits. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, any [involuntary] dismissal … – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits."); *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."); *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128-29 (10th Cir. 1991) (holding that "a dismissal on limitations grounds is a judgment on the merits.").

A district court does not have jurisdiction to address the merits of a

second or successive petition until this court has granted the required authorization under 28 U.S.C. § 2244(b)(3)(A). *See* 28 U.S.C. § 2244(b)(3)(A) "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997) ("The district court had no jurisdiction to decide [the petitioner's] § 2254 petition without authority from the court of appeals."). The district court should have transferred the action to this court. *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) ("[W]hen a second or successive petition for habeas corpus relief under § 2254 or § 2255 motion is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to [28 U.S.C.] § 1631."). At the very least, the court should have dismissed the petition for lack of jurisdiction. *See Spitznas v. Boone*, 464 F.3d 1213, 1227 (10th Cir. 2006) ("Since the claim was successive … the district court … could only dismiss the petition or transfer it to us for certification.").

However, we will construe the pleadings filed in this court as a request under § 2244(b)(3)(A) for authorization to file a second § 2254 petition. *Id.* at 1219 n. 8 ("Of course, consistent with our prior practice, we

-3-

may, but are not required to, exercise discretion to construe a request for a certificate of appealability as an application to file a second or successive petition, or vice versa as warranted in the interests of justice.") (citing to *Pease*, 115 F.3d at 764).

In order to obtain such authorization Mr. Parker must make a prima facie showing that satisfies § 2244(b)(2)'s criteria for the filing of another habeas petition. That section requires that:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Based on our review of the implied application, we hold that Mr. Parker has failed to make a prima facie showing that the successive petition

satisfies the above requirements.  He invokes no new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, nor does he rely on any newly discovered evidence.  His allegations of ineffective assistance of counsel, which he alleges he could not bring earlier because he was unable to obtain transcripts, are not based on a "factual predicate" which could not have been discovered earlier through the "exercise of due diligence."  Nor are his allegations "sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [Mr. Parker] guilty of the underlying offense."

The district court order is **VACATED**, and the implied application for authorization to file another § 2254 petition is **DENIED**.  We also **DENY** the motion to proceed *in forma pauperis*.  This matter is **DISMISSED**.

ENTERED FOR THE COURT

PER CURIAM