**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHNNY MALONE,

      Petitioner-Appellant,

v.

RANDALL WORKMAN,

      Respondent-Appellee.

No. 07-6067
(D.C. No. CIV-06-1356-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, Chief Judge, **TYMKOVICH** and **HOLMES**, Circuit Judges.

Petitioner-Appellant Johnny Malone, an Oklahoma state prisoner appearing pro se, seeks a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c)(1) to challenge the district court's denial of his 28 U.S.C. § 2254 habeas petition. However, because Mr. Malone has previously filed a § 2254 petition, we treat this as an implied request for authorization to file a second § 2254 petition.

---

[*] This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Reviewing Mr. Malone's filings liberally,[1] we hold that Mr. Malone has not made the requisite showing under 28 U.S.C. § 2244(b) to obtain such authorization. Accordingly, we **VACATE** the district court's order, **DENY** Mr. Malone's implied application for authorization to file another § 2254 petition, and **DISMISS** this matter.

## I. BACKGROUND

In March of 1998, Mr. Malone was convicted of Murder in the First Degree in the District Court of Garvin County, Oklahoma. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction on March 30, 1999. In February of 2003, Mr. Malone filed a habeas petition under § 2254 in the Western District of Oklahoma, which was dismissed as untimely. *See Malone v. Oklahoma*, 100 F. App'x 795, 796-97 (10th Cir. 2004). After granting Mr. Malone a COA, we affirmed the dismissal. *Id.* at 796.

On December 11, 2006, Mr. Malone filed this federal habeas action before the district court in the Western District of Oklahoma. Question 14 of the standard court form that Mr. Malone used in filing this action asked the following: "Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this

---

[1] Because Mr. Malone is proceeding pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U. S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

petition?" R., Doc. 1, at 9. By checking a box, Mr. Malone responded "No." *Id.*

Whether Mr. Malone acted through inadvertence, or with the intention of

misleading the district court (which would be very troubling indeed), Mr.

Malone's response was false.[2] Not surprisingly, the district court thereafter

mistakenly treated Mr. Malone's petition as an initial habeas action under § 2254.

The district court assigned the case to a magistrate judge for consideration.

On January 11, 2007, the magistrate judge issued a report and recommendation

concluding that Mr. Malone's § 2254 habeas petition was untimely and therefore

should be dismissed. Mr. Malone filed no objections to the magistrate judge's

---

[2]     In order to confirm that the same Mr. Malone brought the instant habeas action and the 2003 habeas action, we carefully studied the factual and procedural history set out in our opinion in *Malone v. Oklahoma*, 100 F. App'x at 796-97. More importantly, in an exercise of our discretion, *see United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir.), *cert. denied*, 128 S. Ct. 424 (2007), we took judicial notice of the case file in the 2003 habeas action filed by "Johnny Malone." Case No. CIV-03-96-C (W.D. Okla.). Our study and case file review leave no room for doubt that the Mr. Malone before us in this case is the same Mr. Malone who filed the 2003 habeas action. *Compare* R., Doc. 1, at 1-4 (Mr. Malone's reporting that his Oklahoma prisoner number is 83634, and providing a recitation of the procedural history of his state conviction, including his charge of murder and the OCCA's affirmance of the conviction on March 30, 1999), *with* Case No. CIV-03-96-C, Doc. 1, at 1-3 (petitioner "Johnny Malone" reporting same Oklahoma prisoner number and offering materially indistinguishable recitation of procedural history of his state conviction) (Mot. to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. sect. 2254, dated Feb. 13, 2003). Therefore, Mr. Malone's response to Question 14 was false. Mr. Malone has repeatedly noted that he has very significant problems reading and writing. *See, e.g., Malone*, 100 F. App'x at 797 (noting Mr. Malone's assertion that "he is illiterate"). Principally for that reason, we take a very generous view of this situation and operate on the assumption that Mr. Malone's negative response to Question 14 was made through inadvertence.

report,[3] and the district court entered an order of dismissal. Mr. Malone then filed a notice of appeal.

## II. DISCUSSION

"Before a petitioner may file a second or successive 28 U.S.C. § 2254 petition in the district court, he must successfully apply to this court for an order authorizing the district court to consider the petition." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). Without prior authorization from this court, the district court is without jurisdiction to decide a second or successive § 2254 petition. *See, e.g.*, *Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997) (per curiam). Accordingly, when a petitioner fails to seek authorization from this court before filing a second or successive § 2254 petition, the district court should transfer the petition to this court. *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam). The only other action a district court can take in such a situation is to dismiss the petition. *See Spitznas*, 464 F.3d at 1227.

Mr. Malone previously filed a § 2254 petition in 2003, challenging the same conviction at issue here, which was dismissed as untimely. *See Malone,* 100 F. App'x at 796-97. Such a dismissal is on the merits. *See Murphy v. Klein*

---

[3]     Because we dispose of this case under the second-or-successive analytic rubric of 28 U.S.C. § 2244(b), we need not decide whether Mr. Malone waived his right to appeal the magistrate judge's recommendation by not filing objections with the district court. *See, e.g.*, *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (discussing the "firm waiver rule").

4

*Tools, Inc.*, 935 F.2d 1127, 1128-29 (10th Cir. 1991) (per curiam) ("[A] dismissal on limitations grounds is a judgment on the merits."). *See also* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.").

Although we are not required to, we may construe a petitioner's request for a COA as an application to file a second or successive § 2254 petition. *Spitznas*, 464 F.3d at 1219 n.8; *see also Pease*, 115 F.3d at 764 ("[W]e construe Mr. Pease's notice of appeal and appellate brief as an implied application for leave to file a successive 28 U.S.C. § 2254 petition . . . ."). We will so construe Mr. Malone's COA request.

Any of Mr. Malone's claims that were previously raised must be dismissed. 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."). In his current § 2254 petition, Mr. Malone asserts that he received ineffective assistance of counsel "for not demanding a competency hearing, telling the jury that petitioner was guilty of shooting his wife, violation of petitioners [sic] constitutional rights," and he also claims actual innocence. Pet'r Op. Br. & Application for COA, at 5. Although the matter is not entirely

5

free of doubt, Mr. Malone's claims all appear to be new.[4]

To succeed on new claims, Mr. Malone must make a prima facie showing that satisfies § 2244(b)(2)'s criteria for filing another § 2254 petition. *See Pease*, 115 F.3d at 765. That section requires that:

---

[4] In Mr. Malone's previous habeas petition, he "asserted that he was convicted due to the use of evidence obtained pursuant to an unlawful arrest, that he was denied effective assistance of counsel, that hearsay evidence was improperly admitted at trial, and that his sentence is excessive." *Malone*, 100 F. App'x at 797 n.1; *see also* Case No. CIV-03-96-C, Doc. 1, at 5-6. Mr. Malone raised (unsuccessfully) his alleged actual innocence in connection with his argument for equitable tolling. *Malone*, 100 F. App'x at 798; Case No. CIV-03-96-C, Doc. 14, at 5 (magistrate's Report and Recommendation, dated Apr. 30, 2003). Mr. Malone's 2003 claims appear to be different from those at issue in his current petition. In particular, we note that, although Mr. Malone asserted ineffective assistance of counsel as a ground for relief in both the 2003 petition and the instant petition, the 2003 claim seems to have been predicated upon different alleged failings of counsel than advanced in the current habeas action. In 2003, Mr. Malone complained: "Counsel did not bring up the fact that all evidence used to arrest Mr. Malone was unlawful, because it came from his brother whom [sic] should have been taken into custody as well." Case No. CIV-03-96-C, Doc. 1, at 5. Therefore, Mr. Malone's current ineffective assistance claim—involving *inter alia* counsel's alleged failure to demand a competency hearing and purported improper concession that Mr. Malone shot his wife—would appear to be a new claim. *See Allen v. Massie*, 236 F.3d 1243, 1245 & n.2 (10th Cir. 2001) (per curiam) (noting that § 2244(b)(2) "is not implicated" because petitioner is "not asserting a new factual predicate in support of her claim of ineffective assistance," and concluding that § 2241(b)(1) would prevent petitioner from "relitigating her claims of ineffective assistance"). *Cf. Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997) (alluding to categorical dismissal under § 2244(b)(1) and noting that petitioner cannot "squeeze through the narrow gateway . . . created for successive petitions" where his "claim of ineffective assistance of counsel in failing to interview the two eyewitnesses is the same in this petition as in the previous one"). Construing Mr. Malone's filings liberally, we are comfortable operating on the view that his current petition does not reassert claims raised in 2003 (i.e., only contains new claims).

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Based on our review of Mr. Malone's implied application for authorization, we conclude that he has failed to make a prima facie showing that would satisfy the above requirements. Mr. Malone invokes no new rule of constitutional law that was made retroactive to cases on collateral review. Nor does he rely on any newly discovered evidence. Indeed, the factual basis for all of his claims would have been readily apparent to Mr. Malone at the time of his trial.

Mr. Malone also filed a motion for leave to proceed in forma pauperis ("IFP"). To succeed on this motion, Mr. Malone "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous

7

argument on the law and facts in support of the issues raised on appeal."

*DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

We deny Mr. Malone's IFP motion; his attempted appeal is frivolous. Mr. Malone has received crystal-clear notice that his § 2254 action is time-barred. The district court reached that conclusion on two separate occasions and so did we in *Malone v. Oklahoma*, 100 F. App'x at 796-97. Nevertheless, Mr. Malone has sought a COA to challenge the district court's statute of limitations dismissal. Unquestionably, Mr. Malone has failed to raise a reasoned, nonfrivolous argument to support his appeal. Accordingly, his IFP motion is denied.

For the reasons stated above, the district court order is **VACATED**, and Mr. Malone's implied application for authorization to file another § 2254 petition is **DENIED**. We also **DENY** Mr. Malone's request to proceed IFP. This matter is **DISMISSED**.[5] This denial of authorization "shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

---

[5]    *See Parker v. Dinwiddie*, 258 F. App'x 200, 202 (10th Cir. 2007) (per curiam) (disposing of a similar case in a like manner: "The district court order is **VACATED,** and the implied application for authorization to file another § 2254 petition is **DENIED.** We also **DENY** the motion to proceed in forma pauperis. This matter is **DISMISSED**.").