**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 26, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRIAN P. CALCARI,

      Petitioner - Appellant,

v.

ARI ZAVARAS, Executive Director,
Colorado Department of Corrections;
and THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

      Respondents - Appellees.

No. 11-1019

(D. Colorado)

(D.C. No. 1:10-CV-01096-ZLW)

---

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Brian Calcari, a Colorado state prisoner proceeding *pro se*, filed an amended 28 U.S.C. § 2254 petition for a writ of habeas corpus, which was dismissed by the district court on the ground that it constituted an unauthorized second or successive petition over which the court lacked jurisdiction. Mr. Calcari seeks a Certificate of Appealability ("COA") to enable him to appeal that dismissal. For the following reasons, we deny Mr. Calcari a COA and dismiss this matter.

## BACKGROUND

Mr. Calcari was convicted in December 1996 in Larimer County, Colorado, on charges of first-degree assault, accessory to attempted first-degree murder, and accessory to first-degree assault. The Colorado Court of Appeals affirmed the judgment on direct appeal on November 5, 1998, and, on April 19, 1999, the Colorado Supreme Court denied his petition for a writ of certiorari.

Subsequently, on November 23, 2001, Mr. Calcari filed a postconviction motion in the sentencing court in Larimer County, pursuant to Colo. R. Crim. P. 35(c). The court denied the motion on December 12, 2001. On December 4, 2003, the Colorado Court of Appeals affirmed, and on June 1, 2004, the Colorado Supreme Court once again denied his petition for certiorari.

Some twelve years later, on March 17, 2008, the original sentencing court corrected an error in the original mittimus concerning his sentence. More

-2-

specifically, the court at the 1996 sentencing had ordered Mr. Calcari's sentence for accessory to first-degree assault and for first-degree assault to be served consecutively, but the mittimus incorrectly listed them as being concurrent. In 2008, in response to a letter from Mr. Calcari himself, the court corrected the mittimus, making clear that the two assault sentences were consecutive. In reaction to this correction, on June 26, 2008, Mr. Calcari filed a postconviction motion pursuant to Colo. Crim. P. 35(a), arguing that by correcting the mittimus the court had resentenced him and his new sentence (1) was disproportionate; (2) violated Crawford v. Washington, 124 S. Ct. 1354 (2004); (3) was entered without jurisdiction because he was not notified of the alleged resentencing; and (4) was illegal because it exceeds the maximum authorized by law. The court denied the motion on July 8, 2008. The Colorado Court of Appeals affirmed the denial on May 28, 2009, and the Colorado Supreme Court denied certiorari on August 24, 2009.

Mr. Calcari filed the instant action on May 12, 2010, alleging six claims relating to his 1996 convictions and the subsequent correction to the mittimus. His arguments were: (1) he did not knowingly and intelligently waive his right to a trial by jury; (2) there was insufficient evidence to sustain his conviction; (3) the trial court erred by failing to suppress his statements because he made them following an unknowing and unintelligent waiver of his right to remain silent under Miranda v, Arizona, 384 U.S. 436 (1966); (4) the trial court erred by failing

to suppress his statements, because they were allegedly involuntary; (5) he was resentenced when the mittimus was corrected in March 2008, but he was not allowed to be present and did not have the opportunity for allocution; and (6) he was resentenced to a sentence that was cruel and unusual.

As the district court observed, this habeas petition was the third such petition Mr. Calcari had filed in which he attacked his Larimer County 1996 convictions. His first habeas petition was dismissed because it contained both exhausted and unexhausted claims. See Calcari v. Colorado, No. 00-cv-00350-RPM (D. Colo., July 7, 2000), appeal dismissed, No. 00-1304, 2004 WL 1853952 (10th Cir. 2009), cert. denied, 533 U.S. 921 (2001). In his second habeas application, Calcari v. Ortiz, No. 04-cv-01298-ZLW (D. Colo. Sept. 14, 2004), appeal dismissed, No. 14-1422 (10th Cir. Feb. 9, 2005), cert. denied, No. 04-10562 (U.S. Oct. 3, 2005), the district court denied the habeas petition and dismissed the action with prejudice as barred by the one-year limitation period in 28 U.S.C. § 2244(d). Our court denied a COA and dismissed the appeal on February 9, 2005, and the Supreme Court denied certiorari review on October 3, 2005. The district court dismissed this petition for lack of jurisdiction, and Mr. Calcari seeks a COA to challenge that dismissal.

-4-

## DISCUSSION

To obtain a COA, Mr. Calcari must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). A prisoner may make a "substantial showing of the denial of a constitutional right" by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Id. at 484. Thus, when the district court has ruled on the merits of the petitioner's claims, he must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Where the district court ruled on procedural grounds, a COA may be granted when the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." Id. More particularly, in this case, the question is whether reasonable jurists could debate the correctness of the district court's ruling that Mr. Calcari's habeas petition is an unauthorized second or successive one.

The district court denied Mr. Calcari's 2004 habeas petition as time-barred. Such a dismissal is on the merits, and a subsequent petition challenging the same conviction is second or successive. See Quezada v. Smith, 624 F.3d 514, 519-20 (2d Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply

with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction second or successive under § 2244(b)."); see also Malone v. Workman, 282 Fed. App'x 686, 689 (10th Cir. 2008) ("Mr. Malone previously filed a § 2254 petition in 2003, challenging the same conviction at issue here, which was dismissed as untimely. Such a dismissal is on the merits.") (citation omitted). Mr. Calcari's current habeas petition was dismissed for lack of jurisdiction.

Despite the fact that his current petition is his third habeas petition filed challenging his 1996 conviction, Mr. Calcari argues it was not second or successive, because he claims the correction of his sentence in 2008 was a substantive resentencing, and the propriety of that has never been addressed. Because Mr. Calcari had not obtained authorization from this court, the district court considered whether to dismiss the petition or transfer the matter to this court pursuant to 28 U.S.C. § 1631. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Following the factors laid out in Cline, the district court reasoned:

> Mr. Calcari's claims in the instant action are not based on either a new rule of constitutional law or newly discovered evidence as required pursuant to 28 U.S.C. § 2244(b)(2). Given that Mr. Calcari's prior habeas application in No. 04-cv-01298-ZLW was dismissed as time-barred, it appears that his claims one through four challenging the same conviction and sentence in this action are also time-barred. It also was clear when the instant action was filed that this Court lacked jurisdiction over Mr. Calcari's first four claims challenging the validity of his conviction and sentence in Larimer County District Court case number 96CR587.

In addition, it appears claims five and six also relate to Mr. Calcari's original conviction because he was not resentenced, as he contends, but rather his mittimus was amended to correct a trial error.

Order of Dismissal at 5-6, R. Vol. 1 at 96-97.

In his very conclusory and brief application for COA, Mr. Calcari has presented nothing to suggest that the district court erred. No reasonable jurist could question the propriety of the district court's resolution of this case.

## CONCLUSION

For the foregoing reasons, we DENY a COA and DISMISS this matter. We also DENY Mr. Calcari's request to proceed on appeal *in forma pauperis*.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge