**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 20, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LYLE Q. BROWN,

Petitioner-Appellant,

v.

TRACY McCOLLUM, Warden,

Respondent-Appellee.

No. 13-7013

(E.D. of Okla.)

(D.C. No. 6:12-CV-00169-RAW-KEW)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE**, Chief Judge, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Lyle Brown, an Oklahoma state prisoner, seeks a certificate of appealability (COA) to enable him to appeal the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we construe Brown's filings liberally because he is proceeding pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). We conclude the district court correctly disposed of Brown's petition and therefore deny the application for a COA and dismiss this appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Brown was convicted of first-degree murder and sentenced to life in prison. That sentence was pronounced on April 12, 2007. Brown then had ten days in which to file a notice of appeal with the Oklahoma Court of Criminal Appeals (OCCA), but he did not do so. His conviction therefore became final on April 23, 2007. *See* OCCA Rule 2.5(A). According to the Antiterrorism and Effective Death Penalty Act (AEDPA), Brown had one year from that date—*i.e.*, until April 23, 2008—to file a habeas petition in federal court, unless a tolling event intervened. *See* 28 U.S.C. § 2244(d)(1)–(2). Brown did not file his federal habeas petition until April 13, 2012.

The district court held that Brown's petition was untimely and that Brown did not merit tolling. Brown claimed he "was housed . . . 7 days per week [in] lockdown for one year . . . during which time [AEDPA's] statute[] of limitation[s] expired." App. 70. The district court, however, stated that Brown had "failed to specify any steps he took to diligently pursue his federal claims" despite the lockdown. App. 76. As for Brown's claim that he did not have access to the law library or know of AEDPA's statute of limitations, the district court dismissed it as irrelevant given that ignorance of the law is generally no excuse.

Brown now seeks a COA from us to appeal from the district court's order. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," we may not issue a COA unless (1) "jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right" and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need only address the second element.

Jurists of reason would not find it debatable whether the district court correctly dismissed Brown's petition as untimely. The district court was correct that ignorance of the law is no excuse, even in the AEDPA context. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing" (internal quotation marks omitted)). Further, Brown has failed to substantiate his lockdown status or to explain why it still took him so long to file his federal habeas petition. If, as Brown claims, AEDPA's one-year limitations period expired while he was in lockdown, then the lockdown ended no later than sometime in 2009. Yet he waited until 2012 to seek federal habeas relief and provides no valid explanation for that delay.[1]

Brown has not "made a substantial showing of the denial of a constitutional

---

[1] We also agree with the district court that Brown has not made any demonstration of actual innocence or other circumstances that would justify tolling of the statute of limitations.

right." 28 U.S.C. § 2253(c)(2). We therefore DENY his application for a COA and DISMISS this appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge