**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 21, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LYLE Q. BROWN,

      Petitioner - Appellant,

v.

TRACY McCOLLUM,

      Respondent - Appellee.

No. 14-6234
(D.C. No. 5:14-CV-01137-R)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.

---

Oklahoma prisoner Lyle Brown brought a habeas petition in federal district court under 28 U.S.C. § 2241. But because it challenged his conviction's validity and not his sentence's execution, the district court held that it properly arose under 28 U.S.C. § 2254. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Observing that Mr. Brown has previously and unsuccessfully challenged the same conviction in an earlier federal habeas petition, *see Brown v. McCollum*, 515 F. App'x 759 (10th Cir. 2013), the district court concluded that the current petition was a successive one that Mr. Brown could not pursue without first

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

seeking and obtaining this court's permission. *See* 28 U.S.C. § 2244(b)(3)(A).

Because Mr. Brown hadn't sought or secured that much, the district court

dismissed the petition for lack of jurisdiction and concluded that the interests of

justice did not warrant its transfer to this court. *See, e.g.*, *In re Cline*, 531 F.3d

1249, 1251-52 (10th Cir. 2008); *Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir.

1997). It is this decision Mr. Brown now asks us to revisit.

But before Mr. Brown may appeal any adverse decision under § 2241 or

§ 2254 arising from a state court conviction Congress requires him to obtain a

certificate of appealability. *See Montez*, 208 F.3d at 867. To win a COA, a

petitioner must show that "jurists of reason would find it debatable whether the

district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S.

473, 484 (2000). And this much Mr. Brown has not done: he does not address

the district court's procedural decision and for our own part we see no error in it.

Moreover, even were we to exercise our discretion to reformulate this appeal as a

request for leave to file a successive § 2254 application, something we may but

need not do, *see Spitznas v. Boone*, 464 F.3d 1213, 1219 n.8 (10th Cir. 2006), we

do not see how it might satisfy the standards 28 U.S.C. § 2244(b)(2) imposes on

such requests.

The COA request is denied, as are the motions for appointed counsel and leave to proceed *in forma pauperis*, and the appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge